IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

BILLY PEARSON                                                   PLAINTIFF

vs.                          CIVIL ACTION NO. 5:22-CV-74-DCB-FKB

SOUTHWEST MISSISSIPPI MEDICAL CENTER;

SOUTHWEST HEALTH SYSTEMS; and

LAWRENCE COUNTY HOSPITAL                                       DEFENDANTS

ORDER

BEFORE THE COURT is Defendant Southwest Mississippi Medical Center's ("Defendant")[1] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [ECF No. 13]. The Court, having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Factual & Procedural Background

Plaintiff Billy Pearson ("Plaintiff") is a nurse practitioner who previously worked pro re nata for several hospitals. [ECF No. 1] at 1, 3. During one such shift in mid-December 2020 at Franklin County Hospital ("FCH"), Plaintiff attempted to transfer a patient to Lawrence County Hospital ("LCH") due to a lack of available beds at FCH. Id. at 3.

---

[1] Southwest Mississippi Regional Medical Center is an entity; Lawrence County Hospital is a part of that entity and is not itself a separate entity; Southwest Health Systems is the d/b/a of the entity.

1

When preparing the patient's transfer to LCH, where he occasionally worked pro re nata, an LCH emergency room nurse contacted Plaintiff and informed him that LCH would not be paid for the patient because he was a transfer. Id. Plaintiff called LCH Director of Nursing Dana Andrews ("Andrews") who "advised that the transfer should not go through because the hospital would not get paid for his patient." Id. Plaintiff informed Andrews that he intended to mark the patient's file as refused from LCH due to his status as a transfer that rendered him unprofitable for LCH. Id. at 4.

Shortly after, LCH nurse Jeane Foreste ("Foreste") called Plaintiff and advised that LCH would take his patient as a direct admit. [ECF No. 1] at 4. Plaintiff thanked Foreste and informed her that LCH's "prior refusal to admit the patient could have been an EMTALA [Emergency Medical Treatment and Labor Act] violation." Id. Plaintiff alleges that this comment led LCH to deny him shifts at its facility and that Andrews specifically refused to schedule him for shifts because he had "threatened an EMTALA violation." Id.

On August 18, 2022, Plaintiff sued Defendant alleging unlawful retaliation in violation of 42 U.S. Code § 1395dd(i). Id. at 4-5.

On January 9, 2023, Defendant filed the instant Motion arguing that Plaintiff's claim is time-barred for failure to timely give notice and is otherwise insufficient to state a claim because of the nature of Plaintiff's "report." [ECF No. 13]; [ECF No. 15] at 1, 3, 5-6.

II.   Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. Id. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." Id. at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322(2007).

III. Analysis

The EMTALA statute contains a whistleblower provision that reads in relevant part that:

> A participating hospital may not penalize or take adverse action against … any hospital employee because the employee reports a violation of a requirement of this section.

42 U.S. Code § 1395dd(i).

In this case, Plaintiff reported to an LCH nurse, Foreste, that LCH's "prior refusal to admit the patient could have been an EMTALA violation." [ECF No. 1] at 4. Defendant's second argument for dismissal follows that Plaintiff did not report a violation of EMTALA. [ECF No. 15] at 5. The Court's inquiry is whether Plaintiff's statement to Foreste that LCH's initial decision to deny admittance to the patient qualifies as a report.

The Supreme Court has explained that "[a] 'report' is 'something that gives information' or a 'notification,' ... or '[a]n official or formal statement of facts or proceedings[.]'" Schindler Elevator Corp. v. U.S. ex rel. Kirk, 563 U.S. 401, 408-09 (2011) (citing Webster's Third New International Dictionary 1925 (1986); Black's Law Dictionary 1300 (6th ed. 1990)). Put another way, it is "[a]n account brought by one person to another." Id. at 408 (citing 13 Oxford English Dictionary 650 (2d ed. 1989)). Thus, the term "report" ordinarily refers to nothing more than "the transmission of information." Gillispie v. RegionalCare Hosp. Partners Inc, 892 F.3d 585, 593 (3d Cir. 2018).

Plaintiff's complaint alleges that he reported his belief that LCH's decision "could" have violated EMTALA. [ECF No. 1] at 4. Section 1395dd(i) protects whistleblowers, i.e., those who

5

"dislos[e] employer wrongdoing…" Black's Law Dictionary 1831 (10th ed. 2014). One does not "disclose" to another something of which another is already aware; nor does contextualizing the alleged illegality of the underlying conduct constitute disclosure. See Shultz v. Multnomah Cnty., No. 08-CV-886-BR, 2009 WL 1476689, at *14 (D. Or. May 27, 2009)(analyzing a federal disclosure statute)("Accordingly, even though the record reflects Wolf may have been unaware of the alleged unlawfulness or impropriety of Johnson's VAT cuts before Shultz informed her, Wolf was aware of the underlying conduct before she received Shultz's report, and, therefore, Shultz did not "disclose" to Wolf the underlying conduct....")

Here, Plaintiff's complaint does not allege that Foreste was unaware of LCH's initial decision to refuse transfer of the patient. Nor can such an inference be drawn given the context: shortly after Andrews, the director of nursing at LCH, discussed the matter with Plaintiff, he received a phone call from Foreste, a nurse under Andrews' direction, notifying him of the reversal in course. As such, the pleadings cannot be construed to demonstrate that Plaintiff provided the "notification" customary to a whistleblower's report. Schindler Elevator Corp., 563 U.S. at 408.

6

Plaintiff's complaint does not demonstrate that he "reported" anything to Foreste in the context of EMTALA's whistleblower provision, because Plaintiff did not disclose to her that LCH had initially refused to accept the transfer of his patient. The only inference that can be drawn from the pleadings is that Foreste's boss, Andrews, or another acting at Andrews' behest informed Foreste of this initial refusal prior to her notifying Plaintiff of LCH's decision to reverse course and accept his patient. Plaintiff's musings on the potential illegality of that initial decision do not qualify as a report to an employee who was already aware of the underlying conduct.

Therefore, Plaintiff has failed to "plead sufficient facts to state a claim for relief that is facially plausible," so dismissal of this claim under Rule 12(b)(6) is permissible. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

Nevertheless, courts generally disfavor dismissing cases under Rule 12(b)(6) without providing a plaintiff the opportunity to amend his or her pleadings to state a claim upon which relief can be granted where doing so would not be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Hitt v. City of Pasadena, 561, F.2d 606, 608-09 (5th Cir. 1977); DeLoach v. Woodley, 405 F.2d 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the

deficiencies on which dismissal is sought, a court must allow a plaintiff the opportunity to amend the Complaint. Hitt, 561 F.2d at 608-09.

The Court will permit Plaintiff to amend his complaint in order to assert claims upon which relief can be granted.

IV.   Conclusion

For the foregoing reasons, the Defendants' Motion [ECF No. 13] shall be DENIED WITHOUT PREJUDICE.

ACCORDINGLY,

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 13] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint no later than twelve days from the date of this Order. If an amended complaint is timely filed and if the Defendants take the position that the claims in Plaintiff's amended complaint are similarly deficient, they shall file motions to dismiss this lawsuit with prejudice no later than fourteen days from the date of the amended complaint. A failure to timely file an amended complaint may result in dismissal of Plaintiff's case.

SO ORDERED, this 28th day of March, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE